IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES GYPSUM COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NEW NGC, INC.,<br><br>Defendant. | 1:17CV130<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the objections by New NGC, Inc., (hereinafter "NGC"), D.I. 115, to the report and recommendations ("R&R"), D.I. 114, of the Magistrate Judge Sherry Fallon, who denied NGC's various requests for claim construction. This is a patent infringement case. United States Gypsum Company ("USGC") filed a complaint against NGC for patent infringement. The technology in question relates to gypsum-containing products, such as gypsum wallboard, having an increased resistance to deformation, and to compositions and methods for producing such products.

Pursuant to 28 U.S.C. § 636(b), Fed. R. Civ. P. 72(b), and D. Del. LR 72.1, findings and recommendations are viewed de novo by this Court. *Princeton Digital Image Corp. v. Konami Digital Entm't Inc.,* 2017 WL 1196642, at *1 (D. Del. Mar. 30, 2017) (citing *St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co., Ltd.,* 691 F. Supp. 2d 538, 541-42 (D. Del. 2010)); *see also* 28 U.S.C. § 636(b)(1).

**BACKGROUND**

NGC and USGC are competitors in most aspects of the gypsum wallboard materials. The magistrate judge previously stated:

> This action arises primarily from NGC's alleged infringement of a breakthrough patent technology in the formulation of gypsum wallboard. The key ingredient–the "enhancing material"–refers to a class of phosphorus-containing compounds that provide surprising improvements in sag resistance, strength, and dimensional stability of gypsum wallboards. USGC uses a patented method containing sodium trimetaphosphate ("STMP") as its enhancing material. The use of STMP in USGC's wallboards significantly improves the quality of its products, virtually eliminates a long time problem of sagging boards under moisture and humidity exposure, and reduces the weight of USGC's Sheetrock brand wallboard. "In addition to improving product performance, the patented technology also reduces manufacturing, transportation, and handling costs." (footnotes omitted).

D.I. 20, at 2-3 (citing D.I. 14, at 2-3).

USGC gave notice to NGC of the infringement. The parties attempted to resolve their issues but could not reach an agreement. On February 6, 2017, USGC filed a complaint alleging that NGC manufactures products that infringe United States Patent Nos. 6,342,284 ("the '284 patent"); 6,632,550 ("the '550 patent"); 7,425,236 ("the '236 patent"); 7,758,980 ("the '980 patent"); 7,964,034 ("the '034 patent"); 8,142,914 ("the '914 patent"); and 8,500,904 ("the '904 patent") (collectively the "patents-in-suit"). D.I. 1, Complaint.

**DISCUSSION**

Claim construction determinations in an R&R are reviewed de novo. *See St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co.*, 691 F. Supp. 2d 538, 542 (D. Del. 2010); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

NGC objects to three claim constructions determined by the magistrate judge: "Objection 1: The "Enhancing Material" Construction Contradicts And Is Not Supported By The Specification; Objection 2: The R&R's Construction Of "About 0.1 Inch" Improperly

Ignores The Intrinsic Evidence In Favor Of Extrinsic Evidence; and Objection 3: The R&R's Conclusion That 'When…Cast In The Form Of ½ Inch Gypsum Board' Is Not Indefinite Is Erroneous." D.I. 115 at 1, 5, 7.

The magistrate judge conducted a three-hour *Markman* hearing and filed her R&R. D.I. 114; Minute entry July 18, 2018. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 388-90 (1996).  With regard to the defendant's first objection, the magistrate determined that "enhancing materials" was construed to mean: "phosphoric acids, each of which comprises 1 or more phosphoric acid units; salts or ions of condensed phosphates, each of which comprises 2 or more phosphate units; and monobasic salts or monovalent ions of orthophosphates." D.I. 114 at 10. She based this determination on the weight of the intrinsic evidence, the language and specifications of the patents-in-suit, and the applicable law. NGC objects to the findings, contending the magistrate incorrectly included phosphoric acid which should be excluded from the list of possible enhancing materials. USGC disagrees and contends that the magistrate judge correctly found that Table 13 (D.I. 7, Ex. C) demonstrates that phosphoric acid in a gypsum slurry significantly improves compressive strength. The Court has carefully reviewed the findings of the magistrate judge de novo and finds them to be correct as a matter of fact and law. Accordingly, the Court will adopt the findings and recommendations of the magistrate judge as to this term construction.

With regard to the second objection, claim construction concerning "about .1 inch," NGC argues that the variation between this construction instead of .11 "injects an extraordinary degree of variation (+/- 25%) into a critical limitation." D.I. 115 at 5. The magistrate judge construed the claim term to include the ASTM sag resistance values of

less than 0.125 inch. The Court finds the magistrate's use of "about" "avoids a strict numerical boundary for the specified parameter," and its meaning "depends on the technological facts of the particular case." *Pall Corp. v. Micron Separations, Inc.*, 66 F.3d 1211, 1217 (Fed. Cir. 1995). The Court further finds the magistrate judge properly reviewed the patent specifications, the intrinsic evidence, and the extrinsic evidence where relevant and agrees with the magistrate judge's claim construction.

As for the third objection, NGC argues that the magistrate judge credited USCG's expert and gave no weight to the expert of NGC. USCG argues that the magistrate judge correctly discredited certain parts of NGC's expert regarding board thickness. The magistrate judge determined that the claim did not require construction and is not indefinite. She further determined "that a person of ordinary skill in the art would be able to evaluate whether an accused slurry, product, or method infringes a formulation used for 5/s inch boards." D.I. 114 at 21. The Court has carefully reviewed the findings of the magistrate judge de novo and finds them to be correct as a matter of fact and law. Accordingly, the Court will adopt the findings and recommendations of the magistrate judge as to this term construction.

THEREFORE, IT IS ORDERED THAT:

1. The report and recommendation, Filing No. 114, is affirmed;
2. The objections filed by defendant New NGC, Inc., Filing No. 115, are overruled.

Dated this 17th day of October, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge